The Chancellor.
The bill is filed on a mortgage executed by John O’Neill and Susan his wife to the complainants, and prays a sale of the mortgaged premises, to pay the debt which it was given to secure. John E. Ross, William S. Main, and Bielby P. Parke are made defendants to the bill, by reason of their holding a judgment obtained against John O’Neill prior in time to the date of the complainants’ mortgage.
The complainants contend that this judgment is not a lien on the mortgaged premises.
First. They insist it is no lien, because Susan O’Neill was seized in fee of the mortgaged premises by descent from her father; that she was never married to the defendant, John O’Neill, and, consequently, the judgment being against John O’Neill, it is no lien upon this property. IIow is it possible that such a question can arise out of these pleadings ? Not only is it not made an issue by the pleadings, but the complainants are estopped by their bill from questioning the fact. The bill alleges that the mortgage was executed by O’Neill and his wife, and to secure his debt, and the prayer of the bill is, that their respective rights, as husband and wife, in the premises may be foreclosed. Notwithstanding this position of the cause by the pleadings, the suit has been delayed, and the controversy protracted, and great expense incurred, by these complainants and judgment creditors, in contesting this question with as much earnestness as if the case depended upon it. As the mortgagors had po part in making the expense of investigating this question, I cannot permit the costs, incurred in examining witnesses on this point to be raised out of the mortgaged premises. The parties must have had some other object in view than the mere bearing of the fact upon the issue of this cause. If not, and it was mere curiosity, it is right that they themselves should be at the expense of it.
Second. The complainants insist that the judgment is no lien, because O’Neill, as the husband of Susan, had *90 no such estate in the mortgaged premises as the judgment could be a lien upon. The bill alleges that the said tracts or lots of land came to the said Susan O’Neill by descent from her father, and that the said lots were the property of the said Susan exclusively, and charges that the interest the said Susan O’Neill had in the said lots, at the date of the recovery of the said judgment, or at any time since, was only the possibility of becoming tenant by the curtesy of the said lots in case of the death of the said Susan, and that, therefore, the judgment is no lien upon the land.
The fact, that the mortgaged premises were the inheritance of the wife, is not denied by the answer; but the law arising upon that fact, as assumed by the answer, is controverted.
The position taken on behalf of the complainants is manifestly erroneous. It is true the estate of the husband, as tenant by the curtesy, is consummate only upon the death />f the wife, but his estate is initiate on issue had. Some question was made as to the wife’s having “issue.” The counsel insisted that if she had no issue, then the husband was seized of no estate which could be sold under judgment and execution. But if any question is well settled by authority, it is, that the interest which the husband acquires in the wife’s inheritance is subject to judgment and execution against the husband. The husband is not solely seized, but is seized jointly with the wife. The technical phraseology of the common law is, “ that husband and wife are jointly seized in right of the wife.” This estate the husband may dispose of without the consent of the wife. By a deed of bargain and sale, he may create an estate of freehold in the wife’s inheritance without her consent or her uniting in the conveyance. Whatever estate, then, O’Neill had in the inheritance of his wife is subject to the defendant’s judgment, and as far as that interest extends, the judgment has priority over the mortgage. The mortgage is a lien upon the whole estate,. *91 both upon the inheritance of the wife, and the estate of the husband therein. The judgment is a lien only upon the estate of the husband.
But it was further insisted that, as between the mortgage and judgment, the mortgage has priority, because no execution was levied upon the lands prior to the execution of the mortgage. As between two judgment creditors, the one making the first levy has priority by virtue of the statute; but the statute does not postpone a judgment to the mortgage, because the mortgage was executed prior to execution levied.
Let there be reference, and an account taken upon the judgments and mortgages, and let the property be sold, and the money brought into court, that the rights of the several parties to the proceeds may be ascertained and adjusted.